UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CHRISTOPHER GUNN,

Defendant.

**MEMORANDUM & ORDER**
22-cr-00314 (HG)

**HECTOR GONZALEZ**, United States District Judge:

The motion of Defendant Christopher Gunn, to transfer the instant proceedings against him to the United States District Court for the Northern District of Illinois, pursuant to Rules 21(a) or 21(b) of the Federal Rules of Criminal Procedure, is denied.

## BACKGROUND

The Government filed a sealed complaint on June 25, 2022, charging Defendant with transmission of threats to injure, in violation of Title 18, United States Code, Section 875(c).[1] Defendant was arrested on June 25, 2022, and made his initial appearance in the Northern District of Illinois before Magistrate Judge Young B. Kim. *See* 22-cr-00327 (N.D. Ill.), ECF No. 2. Judge Kim entered an order on July 7, 2022 requiring that the Defendant appear in the district where charges are pending, the Eastern District of New York, and transferring bail. *See* 22-cr-00327 (N.D. Ill.), ECF No. 17. This Court set pretrial release conditions that included location monitoring and home incarceration in Illinois, as well as a requirement that the Defendant "avoid

---

[1]     On July 12, 2022, a grand jury returned a single-count indictment charging Defendant with transmission of threats to injure, in violation of Title 18, United States Code, Section 875(c). ECF No. 6.

all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution . . . includ[ing] social media contact."  ECF No. 4 at 2.

In July, the Government requested a bond revocation hearing, citing violations of Defendant's conditions of release, including repeatedly posting on social media information concerning individuals who may be witnesses in the investigation.  ECF No. 11, 12.  At the hearing, the Court chose not to revoke the bond, but did set additional conditions of release, including "no internet allowed in the home and the router to be removed; no use of any internet capable device in the home, including a smartphone."[2]  ECF Minute Entry, July 28, 2022.

On October 28, 2022, Defendant filed a motion to transfer venue to the Northern District of Illinois.  ECF No. 27.  The Government filed its opposition on November 10, 2022.  ECF No. 28.  Defendant filed his reply on November 11, 2022.  ECF No. 29.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 21(a) provides that a district court must transfer a proceeding to another district "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."  Fed. R. Crim. P. 21(a).  "[I]n order to prevail on a motion under Rule 21(a), the defendant must show a reasonable likelihood that [prejudice] . . . will prevent a fair trial" in the current venue.  *United States v. Ayala*, 64 F. Supp. 3d 446, 450 (E.D.N.Y. 2014) (quotation marks omitted) (quoting *United States v. Maldonado-Rivera*, 922 F.2d 934, 966–67 (2d Cir. 1990)).  "The ultimate determination of whether a fair trial is unlikely 'is committed to the

---

[2]     The conditions were subsequently modified to allow other family members in his home to use their own internet-enabled, password-protected devices.  ECF Text Order, August 1, 2022.

district court's discretion.'" *United States v. Prado*, No. 10-CR-74, 2011 WL 3472509, at \*13 (E.D.N.Y. Aug. 5, 2011) (quoting *Maldonado-Rivera*, 922 F.2d at 967.).

Rule 21(b) allows the Court to transfer venue "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."  Fed. R. Crim. P. 21(b).  District courts analyze a motion under Rule 21(b) using the ten factors outlined in *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964) ("*Platt* factors"):  (1) "location of the defendant[]"; (2) "location of the possible witnesses"; (3) "location of the events likely to be at issue"; (4) "location of relevant documents and records"; (5) "potential for disruption of the defendant['s] businesses if transfer is denied"; (6) "expenses to be incurred by the parties if transfer is denied"; (7) "location of defense counsel"; (8) "relative accessibility of the place of trial"; (9) "docket conditions of each potential district"; and (10) "any other special circumstance that might bear on the desirability of transfer."  *Maldonado-Rivera*, 922 F.2d at 966 (citing *Platt*, 376 U.S. at 243–44); *see also United States v. Motz*, 652 F. Supp. 2d 284, 290–91 (E.D.N.Y. 2009).

In 2010, Rule 21(b) was amended to "require[] the court to consider the convenience of victims—as well as the convenience  of the parties and witnesses and the interests of justice—in determining whether to transfer all or part of the proceeding to another district for trial."  Fed. R. Crim. P. 21, Advisory Committee's Note to 2010 Amendment.  "No one of these considerations [the *Platt* factors] is dispositive, and it remains for the court to try to strike a balance and determine which factors are of greatest importance."  *Maldonado-Rivera*, 922 F.2d at 966. Furthermore, there is a "general rule that a criminal prosecution should be retained in the original

district in which it was filed." *United States v. Christian*, No. 12-cr-41, 2012 WL 1134035, at *1 (S.D.N.Y. Apr. 2, 2012) (citation and quotation marks omitted).

## DISCUSSION

The Court is not persuaded that a venue transfer is appropriate under either Rule 21(a) or 21(b).

First, the Court does not find that there is a "reasonable likelihood" that this case presents so "great a prejudice against the defendant . . . that the defendant cannot obtain a fair and impartial trial." *Ayala*, 64 F. Supp. 3d at 450; Fed. R. Crim. P. 21(a). Rule 21(a) motions have sometimes been granted where the potential "trial atmosphere . . . [was] utterly corrupted by press coverage," *Skilling v. United States*, 561 U.S. 358, 380 (2010), or where "alleged community bias is 'so pervasive and prejudicial as to have created a reasonable likelihood that a fair trial could not be conducted,'" *Prado*, 2011 WL 3472509, at *13 (quoting *United States v. Sabhnani*, 599 F.3d 215, 233 (2d Cir. 2010)), or where the threats involved members of the judiciary who may be involved with trying the case, *see United States v. Turner*, No. 09-cr-542, 2009 WL 2870627, at *3 (N.D. Ill. Sept. 8, 2009). In those cases, courts were worried about potential prejudice by the triers of law or fact, not the prejudice of potential prosecutors.[3] The Court can find no example, and Defendant has cited to none, where a district court has transferred venue because "alleged victims [are] members of the same [United States Attorney's] office that is prosecuting" the defendant. ECF No. 27 at 4.

---

[3]     Although "[t]he case discussed in the video was one that took place in the EDNY" ECF No. 27 at 1, the indictment in this case does not involve threats made against members of the judiciary. The Court thus does not find that there is sufficient "overlap between the facts of the case and this district's prosecutors and judiciary," *id.*, to analogize this case to *United States v. Turner*. 2009 WL 2870627, at *1.

4

In addition, the Court is unpersuaded that transferring this action to the Northern District of Illinois would serve the "convenience of the parties, any victim[s], and the witnesses, and . . . the interest of justice." Fed. R. Crim. P. 21(b).  Out of the ten *Platt* factors, the only one that the Court finds may counsel in favor of transferring the case is the Defendant's residence. *See United States v. Estrada*, 880 F. Supp. 2d 478, 482 (S.D.N.Y. 2012).  That factor, however, is not of sufficient weight to offset the weight of the other relevant *Platt* factors. *See Platt*, 376 U.S. at 245 (noting that a defendant's residence alone "has no independent significance in determining whether transfer to [a different] district would be 'in the interest of justice'").  The victims, witnesses, and relevant exhibits in the case are in this district. ECF No. 28 at 8–9.  The United States Attorney's Office for the Eastern District of New York that Defendant allegedly threatened to "storm" is here.  ECF No. 1.  The Defendant's attorney is here.  The Court does not find any of the other factors particularly relevant to the instant analysis.  And, while there may be some expenses incurred by the Defendant to travel to the Eastern District for trial, those expenses are likely to be minimal given that the Government has indicated trial would "last no more than several days." ECF No. 28 at 8.

The Court fully recognizes, and is sympathetic to, the fact that Defendant's current bond conditions—specifically that he cannot use the internet, is unable to possess items that are protected discovery, and does not have access to a computer, ECF No. 27 at 8—create a burden on the Defendant and his defense team.  That burden, however, is not an unreasonable one under the circumstances here, and therefore does not alter the Court's Rule 21(b) analysis.  The Court could have revoked Defendant's bond and ordered him detained for violating his release conditions.  Instead, it imposed these conditions to ensure that he was not engaging in the type of activity at issue in this case.  This modification was the result of alleged violations on the part of

5

Defendant of his original release conditions that specifically involved the use of a computer and the internet. *See* ECF Nos. 12–14.

## **CONCLUSION**

For the foregoing reasons, the motion of defendant Christopher Gunn to transfer the instant proceedings against him to the United States District Court for the Northern District of Illinois, pursuant to Rules 21(a) or 21(b) of the Federal Rules of Criminal Procedure, is denied.

However, even though the Court finds that a transfer of venue is not warranted, it hopes that the Defendant and the Government can find a mutually agreeable way to ease the burden on the defense team resulting from the current bond conditions. To that end, the Court additionally directs the parties to meet and confer regarding how that burden may be eased, and to file a joint letter on the docket by December 14, 2022, suggesting potential solutions.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
        November 28, 2022

6